```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| KERMIT FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-83-JMH |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) **MEMORANDUM OPINION AND ORDER** |
| OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 9 and 10][1] on the plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff filed a timely written request for hearing regarding his repeatedly denied requests for disability insurance benefits. Administrative Law Judge (hereinafter, "ALJ") Ivar E. Avots after holding such a hearing denied Plaintiff's application

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

[Tr. 11-27]. ALJ Avot's determination became the Commissioner's final decision when the Appeals Council denied review [Tr. 6-10]. Jurisdiction exists under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, the plaintiff was 52 years old. He has an eleventh grade education [Tr. 566], and past relevant work as a tractor trailer truck driver. [Tr. 73]. The ALJ after reviewing the entire record found, *inter alia*, that the plaintiff suffered from a number of conditions but that he did not have one, either singly or in combination met a listed impairment [Tr. 25]. The plaintiff does not point to any listed impairment which his condition, either singly of combination, satisfies. Rather, he challenges the ALJ's finding that he possessed the residual function capacity to perform various jobs in the national economy [Tr. 26].

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is

>disabled regardless of other factors.
>
>4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
>5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Services,* 14 f.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Services.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the

3

proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

The plaintiff argues in general terms that the ALJ completely ignored the documented findings of the treating and examining sources. However, a review of ALJ Avots's decision refutes this argument. The ALJ spent a considerable portion of the same discussing the findings of various treating and physicians including Drs. Brooks [Tr. 16-18], Snider [Tr. 18], Douglas [Tr. 18], Patrick [Tr. 19], Steger [Tr. 19], Allen [Tr. 19], Thomas [Tr. 20], and Maxey [Tr. 22-23]. Moreover, the ALJ reviewed in some detail the reports of two non-examining state mental health experts, Drs. Sillers and Perritt [Tr. 21], two non-examining state medical experts, Drs. Saranga and Hernandez [Tr. 22-23], and the plaintiff's physical therapist, Mr. Bowden [Tr. 18-19].

The plaintiff without offering any specific detail contends that these sources support his disability claim. Instead, he focuses the Court's attention on the report of Dr. Patrick who he claims is a treating source notwithstanding the fact that the

physician only saw him on one occasion for an evaluation in conjunction with an application for Workers's Compensation. *See* 29 C.F.R. § 404.1502. Moreover, Dr. Patrick's finding that the plaintiff had a fifteen percent permanent impairment and a limited range of motion in his left shoulder and spine which precluded him from his prior work [Tr. 386] is fully consistent with the ALJ's finding on this point [Tr. 26, Finding No. 7]. Moreover, based on Dr. Patrick's report which did not, expressly or impliedly, rule out the plaintiff from any other work, the ALJ found the plaintiff could not lift overhead [Tr. 19 and 23].

The plaintiff also finds fault with the ALJ's consideration of his major depression. Again, the record belies his contention as the ALJ's decision reflects considerable attention was given to the plaintiff's mental health evaluations and treatment [Tr. 19-20]. Although the ALJ found the plaintiff's depression to be severe, that is more than a slight or minimal impairment, *see* 20 C.F.R. §§ 404.1521, 416.921, he further found that the same did not preclude him from engaging in all work. This finding is supported by the pyschological evaluations of Drs. Steger and Allen [Tr. 516-519, 529-534] as well as the reports of Drs. Stiller and Perritt [Tr. 20-22]. Although Dr. Maxey opined that the plaintiff could not complete even low stress jobs [Tr. 504-07], his opinion, like that of Dr. Patrick, cannot be described as that of a treating physician as it was based on a one time evaluation.

In *Hardaway v. Sec. of Health & Human Services*, 823 F.2d 922 (6th Cir. 1987), the Court stated that where there was conflicting evidence from different doctors, the ALJ was entitled to determine which evidence was to be included in the hypothetical question. "The determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence. [...] An ALJ may ask a vocational expert hypothetical questions, provided the question is supported by evidence in the record." *Id*. at 957. In the instant case, the the hypothetical question is so supported. Therefore, the hypothetical question was accurate as required by *Varley v. Secretary of Health and Human Serices,* 820 F.2d 777, 779 (6th Cir. 1987). The ALJ's decision to deny the plaintiff's request for disability insurance benefits was supported by substantial evidence.

### V. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED:**

(1) That the defendant's motion for summary judgment [Record No. 10] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED.**

This the 13th day of December, 2007.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge